IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| GOLDEN RULE FASTENERS INC., | |
| Plaintiffs, | |
| vs. | Civil Action No.: 3:17-cv-249-MPM-JMV |
| THE NEVERLEAK COMPANY, LP., | |
| Defendant. | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff GOLDEN RULE FASTENERS INC. (hereinafter, "Golden Rule") and Defendant THE NEVERLEAK COMPANY, LP (hereinafter, "Neverleak") (hereinafter all together the "Parties") believe that certain information produced by the Parties in this Action involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, electronically stored information, or thing that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party

reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

2. <u>Limited Use of Protected Material</u>. Documents, electronically stored information, or things produced in this Action, including but not limited to Protected Material designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL[1]"), shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

3. <u>Limited Access to Protected Material</u>. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," or "RESTRICTED - ATTORNEYS' EYES ONLY," both individually and collectively.

to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

4. <u>Undertaking</u>. Each person to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

5. <u>Violations of Protective Order</u>. Any Party knowing or reasonably believing that any other party is in violation of or intends to violate this Order and who has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement, may move the Court for such relief as may be appropriate. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

6. <u>Treatment of Designated Material Before Entry of Protective Order</u>. Any document, electronically stored information, or thing produced before issuance

of this Order with the designation "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" shall receive the same treatment as if so designated under this Order, unless and until such document is redesignated to have a different classification under this Order.

7. <u>Scope of Protective Order</u>. With respect to documents, electronically stored information or things designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) motions, exhibits to such motions and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

8. <u>Manner of Designations</u>.  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY."  These designations shall be placed clearly on each page of the

Protected Material (except deposition and hearing transcripts) for which such protection is sought. If only a portion of the material on a page qualifies for protection, the designating party shall clearly identify the protected portion and specify for each portion the level of protection being asserted. For deposition and hearing transcripts, the word "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY."

9. <u>Timing of Designations</u>. A designation of Protected Material (i.e., "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY") must be made before such Protected Material is disclosed or produced.[2] During the inspection and before the designation, all of the documents, electronically stored information, and/or things made available for inspection shall be deemed "RESTRICTED – ATTORNEYS' EYES ONLY."

---

[2] Nothing in this Protective Order should be construed to require that the party making documents, electronically stored information, or things available for physical inspection is required to print out, make copies of, or otherwise produce such things in whatever manner requested by another party. The parties shall separately confer on any protocol related to inspections.

10. <u>Inadvertent Failures to Designate</u>. Inadvertent or unintentional production of documents, electronically stored information or things that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment if timely corrected. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with this Order.

11. <u>Access to Protected Material</u>.

(a) A Party shall designate documents, electronically stored information or things as "CONFIDENTIAL" only upon a good faith belief that such materials contain confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

(b) "CONFIDENTIAL" documents, electronically stored information or things may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

    i. outside counsel of record in this Action for the Parties;
    ii. employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;
    iii. in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of

        this Action;

iv.    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

v.    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert and list of cases in which such consultant or expert has offered testimony in the preceding five (5) years at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking. During this period, the designating party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

vi.    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this

      Action;
- vii. The parties' insurers and its counsel;
- viii. Any other persons to whom the parties mutually agree in writing; and
- ix. the Court and its personnel.

(c) To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY."

(d) "RESTRICTED - ATTORNEYS' EYES ONLY" documents, electronically stored information or things may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court: individuals listed in paragraphs 11(b)(i) and 11(b)(v-ix).

12. <u>Challenges to Designations</u>.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request and after meetings and conferring with the challenging party in good faith, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be

on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court including Local Uniform Civil Rules 7 and 79 shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

13. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED - ATTORNEYS' EYES ONLY, who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's RESTRICTED - ATTORNEYS' EYES ONLY under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to RESTRICTED - ATTORNEYS' EYES ONLY and any individuals who, on behalf

of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

14. <u>Privileged Information</u>.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s),

which pages shall instead be destroyed and certified as such to the producing Party.

15.  Use of Designated Material in Depositions.

(a)  Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing in this Action provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 11 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL under Paragraphs 11(b) and (d).

(b) Parties may, at deposition or within thirty (30) days after receipt of a deposition transcript, designate the deposition or any portion thereof as "CONFIDENTIAL" or "RESTRICTED - ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition transcript shall be treated as confidential.

16. <u>Filing of Designated Materials</u>. In the event any party wishes to file any DESIGNATED MATERIAL under seal, it shall be filed in accordance with Local Uniform Civil Rule 79 and all of its requirements shall be followed in all respects.

17. <u>Use of Designated Material at Trial or Hearings</u>. The Order applies to all pretrial activities, including without limitation discovery and motions (dispositive and non-dispositive) practice. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to requests to seal under Local Uniform Civil Rule 79 and any pretrial order or other order issued by this Court.

18.  <u>Application of Protective Order to Third-Parties</u>.

(a)  To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

(b)  To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

19.  <u>Termination of Action</u>.  Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged

memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be deleted from any electronic media upon which that DESIGNATED MATERIAL was stored using standard methods for deleting files from media. The receiving Party shall verify compliance with this paragraph in writing to the producing Party, upon the producing Party's request.  This Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Protective Order during the pendency of this Action.

20. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

21. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

22. Notwithstanding any of the forgoing, the Court retains the right to amend or revise this Order at its discretion.

SO ORDERED THIS 19th day of September, 2018.

                                               /s/ Jane M. Virden
                                               U.S. MAGISTRATE JUDGE

N.D. Miss. No. 3:17-cv-249-MPM-JMV                                                           Page |15
**PROTECTIVE ORDER**

Respectfully submitted:  August 30, 2018.

/s/ *Erik S. Heninger* (MSB #100951)
ERIK S. HENINGER

/s/ *James F. McDonough*, III
JAMES F. MCDONOUGH, III

ATTORNEYS FOR PLAINTIFFS

*Of Counsel:*

HENINGER GARRISON & DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
(205) 326-3336 (phone)
(205) 326-3332 (facsimile)

HENINGER GARRISON & DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA  30339-3372
(404) 996-0864 (telephone)
(404) 547-5505 (facsimile)

Respectfully submitted: August 30, 2018.

/s/ *Kate M. Embry*
J. CAL MAYO, JR. (MB No. 8492)
KATE M. EMBRY (MB No. 102731)

ATTORNEYS FOR DEFENDANT

*Of Counsel*:

MAYO MALLETTE PLLC
2094 Old Taylor Road
5 University Office Park
Post Office Box 1456
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
cmayo@mayomallette.com
kembry@mayomallette.com

KILPATRICK TOWNSEND & STOCKTON LLP
Megan M. Chung (Admitted *Pro Hac Vice*)
Erwin L. Cena (Admitted *Pro Hac Vice*)
12255 El Camino Real, Suite 250
San Diego, California 92130
Telephone: (858) 350-6100
Facsimile: (858) 350-6111
mchung@kilpatricktownsend.com
ecena@kilpatricktownsend.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2018, the foregoing document(s) was filed with the Court using the Court's electronic filing system, emailed, and/or mailed via U.S. Mail, postage pre-paid, to the following party or parties of record:

MAYO MALLETTE PLLC
J. Cal Mayo, Jr.
Kate M. Embry
2094 Old Taylor Road
5 University Office Park
Post Office Box 1456
Oxford, Mississippi 38655


KILPATRICK TOWNSEND & STOCKTON LLP
Megan M. Chung (Admitted *Pro Hac Vice*)
Erwin L. Cena (Admitted *Pro Hac Vice*)
12255 El Camino Real, Suite 250
San Diego, California 92130


/s/ *Erik S. Heninger* (MSB #100951)
ERIK S. HENINGER

/s/ *James F. McDonough, III*
JAMES F. MCDONOUGH, III

ATTORNEYS FOR PLAINTIFFS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**GOLDEN RULE FASTENERS INC.,**  }
       **Plaintiffs,**  }
  }
**vs.**  }    **Civil Action No.:**
  }    **3:17-cv-249-MPM-JMV**
**THE NEVERLEAK COMPANY, LP.,**  }
       **Defendant.**  }

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of this action, I will return all documents and things designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____  Date _____