IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

GOLDEN RULE FASTENERS INC., }
}
Plaintiffs, }
} Civil Action No.:
vs. } 3:17-cv-249-MPM-JMV
}
THE NEVERLEAK COMPANY, LP., }
}
Defendant. }

## ORDER

These matters are before the Court on the motions of defendant, Neverleak Company, LP ("Neverleak"), to stay litigation [39] and of plaintiff, Golden Rule Fasteners, Inc. ("Golden Rule"), to compel claim terms, claim constructions, supplemental invalidity contentions, and to modify certain claim construction related dates [44]. For the reasons explained below, the motion to stay will be DENIED; the motion to compel will be GRANTED in part and DENIED in part; and the motion to modify deadlines will be GRANTED.

This action for infringement of three patents ('303, '475, and '002) was filed on December 12, 2017. At that time, plaintiff, Golden Rule was simultaneously seeking, via the of the United States Patent Office, to broaden the claim terms of '002. With knowledge of this fact, both parties to this action presented the Court, in April 2018, a proposed Case Management Order setting forth the dates by which to accomplish the steps necessary to have this case tried within three years of its filed date.

Among the deadlines in the proposed Case Management Order were August 3, 2018 for simultaneous exchange of proposed claim terms, phrases, and clauses and August 24, 2018 for simultaneous exchange of preliminary (as opposed to proposed) claim terms, phrases, and clauses

as well as for simultaneous exchange of extrinsic evidence. Discovery related to claim construction and briefing on that subject was to occur as follows:[1]

| Joint Claim Construction and Prehearing Statement | September 14, 2018 |
|---|---|
| Complete Claim Construction Discovery | October 12, 2018 |
| Opening Claim Construction Brief (Plaintiff) | October 26, 2018 |
| Responsive Claim Construction Brief (Defendant) | November 9, 2018 |
| Reply Claim Construction Brief (Plaintiff) | November 16, 2018 |
| Joint Claim Construction Chart | November 30, 2018 |
| Claim Construction Hearing(if required by law or court request) | December 134, 2018 |

Doc. # 24-1 at 1. The trial was set for August 10, 2020[2] following an abundance of additional scheduling deadlines unrelated to claim construction.

On June 8, 2018, the Patent Office issued a final rejection of Golden Rule's proposed amendments to '002. On August 7, 2018, Golden Rule asked the Patent Office to continue reviewing its application to amend '002 claims. On August 17, 2018, the parties jointly moved to extend the claim construction deadlines as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Simultaneous Exchange of Preliminary Claim Constructions and Extrinsic Evidence | August 24, 2018 | October 30, 2018 |
| Joint Claim Construction and Prehearing Statement | September 14, 2018 | November 14, 2018 |
| Complete Claim Construction Discovery | October 12, 2018 | December 19, 2018 |
| Opening Claim Construction Brief (Plaintiff) | October 26, 2018 | January 9, 2019 |
| Responsive Claim Construction Brief (Defendant) | November 9, 2018 | January 23, 2019 |
| Reply Claim Construction Brief (Plaintiff) | November 16, 2018 | January 30, 2019 |
| Joint Claim Construction Chart | November 30, 2018 | February 13, 2019 |
| Claim Construction Hearing (if required by law or court request) | December 13, 2018[1] | March 14, 2019 |

---

[1] The Claim Construction Hearing was to be held on December 13, 2018. Doc. # 34 at 1.
[2] Of note, no party has moved to continue the trial date in this action, which would have to be successfully accomplished in order to accommodate a stay of scheduling deadlines other than for a most modest duration.

Doc. # 34.

On November 13, 2018 the parties again jointly moved to extend the claim construction deadlines, but, this time, sought only to extend the joint claim construction and prehearing statement deadline:

| Event | Current Date | Proposed Date |
|---|---|---|
| Joint Claim Construction and Prehearing Statement | November 14, 2018 | February 13, 2019 |
| Complete Claim Construction Discovery | December 19, 2018 | [NO CHANGE] |
| Opening Claim Construction Brief (Plaintiff) | January 9, 2019 | [NO CHANGE] |
| Responsive Claim Construction Brief | January 23, 2019 | [NO CHANGE] |
| Reply Claim Construction Brief (Plaintiff) | January 30, 2019 | [NO CHANGE] |
| Joint Claim Construction Chart (to be included with Joint Claim Construction and Prehearing Statement) | February 13, 2019 | [NO CHANGE] |
| Claim Construction Hearing | March 14, 2019 | [NO CHANGE] |

Doc. # 37 at 1-2.

On December 19, 2018, the Patent Office, having, at Golden Rule's request, continued its review, and, as the Court appreciates it, rejected all but two of Golden Rule's proposed amendments to '002. The Patent Office, apparently, suggested that the Office might agree in the future to narrow, rather than broaden, claims related to '002. The Office gave Golden Rule three months to reply.

On December 27, 2018,[3] Golden Rule, belatedly, made its production of preliminary claim constructions and extrinsic evidence. On the same date, defendant Neverleak indicated it would

---

[3] Pursuant to the amended Case Management Order, the actual date for simultaneous exchange of the preliminary claim constructions and extrinsic evidence was October 30, 2018. The parties never requested, and the court has never extended this deadline.

*not* make its production of preliminary claim constructions and extrinsic evidence, and shortly thereafter, filed the instant motion to stay.[4]

Neverleak asserts, basically, two grounds for not complying with the Court's scheduling order and in support of its request for a stay of this litigation. First, it asserts that the claims of patent '002 may, in the future, be amended by the Patent Office to expand or narrow the same, and that a third-party *may* file for reexamination of each patent at issue here—with the goal of invalidating the same.

The plaintiff opposes a stay and moves to compel the defendant to comply with its obligations pursuant to the Case Management Order to: first, produce its claim construction claims and extrinsic evidence; second, for the defendant to supplement its previously made invalidity contentions—due under the Case Management Order as of July 13, 2018—and, finally, for extension of certain Case Management Order deadlines to accommodate the delay in construction claim resolution, occasioned by defendant's failure to make its production of preliminary claim constructions and extrinsic evidence on December 27, 2018 and also due to the pendency of the motion to stay.

*Motion to Stay*

District Courts have the authority to manage their dockets and discretion to stay proceedings. *Peavey Elecs. Corp. v. Music Grp. Servs. US, Inc.*, No. 3:13-CV-934-HTW-LRA, 2014 WL 12323520, at 2 (S.D. Miss. Mar. 10, 2014). In exercising such discretion, Courts consider the following factors to determine whether the benefits of the stay outweigh the burdens of the stay: 1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the

---

[4] No party has indicated whether either complied with the August 3, 2018 deadline for exchange of proposed (as opposed to preliminary) claim constructions and extrinsic evidence.

nonmoving party; 2) whether stay will simplify the issues in question and the trial of the case; and 3) whether discovery is complete and a trial date has been set.

Regarding the first factor, prejudice, while the Court finds that Golden Rule's memorandum is not particularly convincing in this regard, it is plain that an unnecessary, indeterminate delay of a patent owner's claims made in a suit filed over a year ago prejudices the right of the patent holder to have resolution of its claims. That delay is particularly prejudicial where the proposed stay is not just indefinite but potentially years in length.[5] Moreover, this case is set for trial in August 2020, and no party has sought and obtained a trial continuance. Accordingly, staying the deadlines for trial preparation in this case would obviously prejudice both parties as they will be expected—unless their trial is continued—to have their cases ready for trial on the scheduled date.

Concerning whether a stay will simplify the issues and the trial of this case, the weight tips, again, in favor of Golden Rule because, here, it cannot be said that a stay *would* have such an effect. On the contrary, because the grounds on which Neverleak founds its request for a stay are themselves speculative—i.e. what, if any, future changes might be made to the '002 patent and what, if any, third-party action might be filed—it cannot be said with any confidence at this juncture that a stay would simplify either the issues or the trial.

Finally, as to the third factor, it's a draw. While discovery is not yet complete in this action, a trial date is set.

These observations, together with the fact that the parties have known of Golden Rule's Patent Office efforts to broaden and/or narrow the claims of patent '002 since the instant lawsuit was filed—yet they jointly scheduled the existing and amended deadlines and have litigated for

---

[5] According to Neverleak, resolution of third-party litigation, such as that Neverleak speculates may be filed as described above, could take years.

over a year without a mention of the same—together with the fact that a third-party action concerning the patents at issue here is simply speculative at this time, dictate a denial of the pending motion to stay. Should future events warrant a renewed motion to stay or for other relief, the Court will address such issues at that time.[6]

*Motion to Compel*

Claim Terms, Constructions, and Extrinsic Evidence and to Modify Certain Claim Construction Related Deadlines

As discussed above, the Court does not find that a stay of this action is warranted at this time. Therefore, there is no basis for Neverleak's failure to comply with its claim construction and extrinsic evidence disclosure obligations. However, the Court does find that a modest extension of certain of the claim construction deadlines is warranted, in light of the delay occasioned by the delay in production and pendency of the motion to stay. Accordingly, the Court orders that the following changes to the claim construction deadlines shall be made, and Neverleak shall, consistent therewith, timely make its disclosure of preliminary claim terms and constructions and extrinsic evidence:

| Event | Current Date | Proposed Date |
|---|---|---|
| Neverleak's Disclosure of Preliminary Claim Constructions and Extrinsic Evidence | October 30, 2018 (Dkt. No. 34) | January 23, 2019 |
| Opening Claim Construction Brief (Golden Rule) | January 9, 2019 (Dkt. No. 38) | February 1, 2019 |
| Opening Claim Construction Brief Deadline (Neverleak) | January 23, 2019 (Dkt. No. 38) | February 1, 2019 |
| Responsive Claim Construction Brief (Plaintiff) | January 30, 2019 (Dkt. No. 38) | February 15, 2019 |
| Responsive Claim Construction Brief (Defendant) | {not applicable} | February 15, 2019 |
| Joint Claim Construction and Prehearing Statement and Joint Claim Construction Chart | February 13, 2019 (Dkt. No. 38) | February 18, 2019 |
| Claim Construction Hearing (if required by law or court request) | March 14, 2019 (Dkt. No. 38) | {no change} |

---

[6] As the parties have been advised, no extension of a deadline will be granted where doing so would interfere with the parties' preparedness for the scheduled trial date. Accordingly, should, based on future events, an extension of deadlines, other than a very modest one, be desired, a continuance of the trial date must first be sought and obtained.

Supplementation of Neverleak's Invalidity Contentions

The Court finds that supplementation is appropriate as concerns Neverleak's Exhibit D to its disclosures. *See* List of "Additional Prior Art"; Doc. #45-9 at 688. With respect to any prior art listed on Exhibit D, and upon which Neverleak relies for invalidity contentions, Neverleak must provide at least the same type of information that it disclosed in Exhibits B1 through B3, including explanatory text. Neverleak must do so by its new deadline for disclosure of claim constructions and extrinsic evidence. In short, the mere reference to instances of alleged prior art is not a sufficient disclosure of invalidity contentions.

Further, Neverleak must supplement its 35 U.S.C. §112 contentions to specify, with respect to each claim identified by Neverleak, which ground(s) under Section 112 Neverleak contends the claim offends: indefiniteness, and/ or the written description requirement, and/or the enablement requirement.

Except as expressly granted herein, the motion to compel, as concerns invalidity contentions, is, in all other respects, DENIED as unpersuasive at this juncture. This is particularly so since the existing invalidity contentions are subject to amendment pursuant to the jointly prepared Case Management Order.

SO ORDERED this, January 17, 2019.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE