UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GOLDEN RULE FASTENERS, INC**                              **PLAINTIFF**

**vs.**                                         **Civil Action No. 3:17-cv-249-MPM-JMV**

**THE NEVERLEAK COMPANY, L.P.**                              **DEFENDANT**

**ORDER**

This court has been communicating with counsel for the parties, in e-mails and in a phone conference, regarding scheduling issues in this case. As this court informed the parties, it agrees with Judge Virden's conclusion, stated in her January 17, 2019 order, that leaving the original case deadlines substantially unchanged is necessary to avoid continuing the trial. However, this court has greater flexibility in addressing these scheduling matters than the Magistrate Judge, since, unlike her, it may continue the trial date in this action, which is presently set for August 10, 2020. Moreover, since Judge Virden's order, there has been an important clarification of the facts relevant to these issues. In its briefing before Judge Virden, plaintiff Golden Rule argued that it was speculative for defendant Neverleak to argue that the third party manufacturer of the accused products, Aztec Washer Company ("Aztec") would file an *ex parte* motion for *reexamination* of the patents at issue in this case. Judge Virden emphasized this uncertainty in her order denying a stay, [Judge Virden's order at 5], but this issue has now been greatly clarified. Indeed, in a phone conference which this court held yesterday, counsel for plaintiff asserted that, based on representations from Aztec's counsel, it was his understanding that not only would Aztec be filing a motion for reexamination with the Patent Office (or "PTO"), but that this would occur in the next few days.

1

After considering these factual developments and the parties' arguments, this court concludes that it would be in the interests of justice to stay this case until such time as litigation regarding the patents at issue is completed at the PTO.  In so stating, this court notes at the outset that there are *two* actions before the PTO which would justify a stay.  First, there is the patent *reissuance* proceedings which were filed by plaintiff Golden Rule in 2015 and which, while (apparently) in their final stages, remain ongoing.  Second, there is the near-certainty that Aztec will file an *ex parte* motion for *reexamination* of the patents at issue in this case.

In its brief seeking a stay, Neverleak describes these (actual and potential) proceedings before the PTO as follows:

> In 2015, Golden Rule asked the Patent Office to broaden the scope of the claims of the '002 patent, but the Patent Office has repeatedly rejected these efforts, and in recent correspondence to Golden Rule, it indicated that the '002 patent claims should be narrowed.
>
> Counsel for Neverleak has also informed Golden Rule that third-party manufacturer of the accused products, Aztec Washer Company ("Aztec"), will file ex parte reexaminations of the claims of each of the Asserted Patents in the next two to three weeks. The Patent Office grants 92% of requests for ex parte reexamination. Thus, it is highly likely that the reexaminations requested will be granted and the outcome of these proceedings is that the claims are highly likely to be amended or deemed invalid.
>
> It is and will be a complete waste of judicial resources, and the parties' time and efforts, to undertake claim construction when the claim terms are changing and the interpretation of them will be impacted based on any future comments by Golden Rule and the Patent Office during examination. The Court would likely have to relitigate and re-argue claim construction and other patent issues depending on the final scope of the asserted patent claims, assuming such claims are not found invalid. Accordingly, a stay should be granted.

[Defendant's brief at 1-2].

This court agrees.  In so stating, this court notes that "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or

reissuance proceedings." *ASCII Corp. v. STD Entm't*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994).

In this vein, the Court of Appeals for the Federal Circuit wrote that:

> One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding). Early versions of what became the reexamination statute, 35 U.S.C. §§ 301–307 (Supp. V 1981), expressly provided for a stay of court proceedings during reexamination. S. 1679, 96th Cong., 1st Sess. § 310 (1979); H.R. 5075, 96th Cong., 1st Sess. § 310 (1979); S. 2446, 96th Cong., 2d Sess. § 310 (1980). An express provision was deemed unnecessary, however, as explained in the House report . . . "stay provisions are unnecessary in that such power already resides with the Court to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure."

*Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983). It is thus apparent that a stay pending the outcome of reexamination or reissuance proceedings is a common feature of patent litigation, and it is one which was expressly contemplated by Congress in enacting the relevant patent laws.

In this case, this court is confronted with *both* reissuance and reexamination proceedings before the PTO, and this renders a stay doubly advisable here. True enough, it is not certain that the Patent Office will accept Aztec's motion and institute reexamination proceedings, but defendant notes that, based on PTO statistics, it is highly likely that it will. Moreover, even if the Patent Office does not institute reexamination proceedings, the fact remains that *reissuance* proceedings remain ongoing before the PTO, pursuant to which plaintiff is attempting to modify the very patents at issue in this case. Given that there are two separate proceedings before the Patent Office which might alter the claims at issue in this case, it makes sense to allow the dust to settle in those proceedings before proceeding with this case. By so doing, this court can proceed with confidence that the patent claims which it is construing are the actual claims, in their final form.

In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1110 (N.D. Cal. 2006); *Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.,* 2007 WL 1655625 at *3 (N.D. Cal. 2007).[1]

This court regards the first factor as favoring a stay. In *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F.Supp.2d 1049, 1052 (N.D. Cal. 2011), a California district court granted a stay of a patent case which found itself in a procedural posture very similar to the one in this case. In this case, as in *AT&*T, there have been no dispositive motions filed, discovery has not been completed, and the claims construction hearing has not yet been held. Moreover, while (unlike in *AT&*T) a trial date has been set in this case, the setting of such a trial date is, in this particular district, a routine part of the case management order, which is entered in the early stages of every civil case. That being the case, the fact that a trial date has been set is entirely unsurprising and does not, by any means, indicate that this case finds itself at an advanced stage. Indeed, this case appears to be at a slightly earlier stage than *AT&T* since, as of the writing of this order, the parties have not yet submitted their briefing on the claims construction issues. This court therefore concludes that the first factor supports a stay.

In the court's view, the most compelling reasons supporting a stay in this case relate to the second factor, namely whether a stay will simplify the issues in question and trial of the case. As quoted previously, the Federal Circuit wrote that "[o]ne purpose of the reexamination

---

[1] This court notes that, since all patent appeals are heard by the Federal Circuit, it is appropriate to cite California decisions (with their active patent dockets), even though they find themselves in a different federal circuit in non-patent cases.

4

procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould,* 705 F.2d at 1342.

In the court's view, it is particularly important to obtain the expert views of the PTO regarding this case, since its own expertise in the patent area is so limited. In so stating, this court notes that, while many district courts commonly see patent infringement actions, they are quite rare in this district. Indeed, this court cannot recall having previously conducted a single claims construction hearing during its time on the bench, and, that being the case, it has simply not had an opportunity to develop an expertise in this area. That being the case, any expert views which the PTO is able to provide in this case will be most helpful. This court notes parenthetically that, while plaintiff opposes a stay, it is entirely possible that the PTO will rule favorably to it in considering Aztec's reexamination motion. If the PTO should stand by its initial rulings, even after being presented with Aztec's objections, then this would considerably assuage some of this court's concerns, stated below, regarding the patents in this case.[2]

With regard to the third factor, this court notes that its initial impression of this case is that it is a rather close one, and it is not at all clear which party a jury would ultimately find to be the aggrieved one in this case. In so stating, this court notes that the roof "flashing" designs at issue are, quite arguably, rather simplistic in nature, and it certainly seems possible that a jury would accept defendant's argument that the designs were "obvious" and, thus, non-patentable. Indeed, this court notes that the Patent Office recently rejected a number of plaintiffs' proposed

---

[2] This court is particularly interested in the PTO's views regarding Aztec's motion, considering that counsel indicated at the phone conference that plaintiff had previously filed a patent action against Aztec in a different court, but that said action was dismissed, for reasons which are unclear to this court.

amendments to the patents at issue, on grounds that they were, in fact, obvious. [Exhibit 7, docket entry 39]. This heightens concerns in this court's mind regarding whether plaintiff is seeking to use litigation as a means of securing for itself an unjustified share of the roof flashing marketplace, and thereby cause unjustified harm to competitors. On the other hand, plaintiff appears to have sufficient evidence of patent infringement to, in all likelihood, submit the issue to a jury, and this court expresses no opinion regarding the ultimate merits of this case.

It is in this vein which this court considers the issues of prejudice and delay, since it seems clear that these considerations potentially cut both ways. It is certainly true that staying this litigation for a potentially lengthy period of time entails a risk of prejudice to plaintiff, if it is assumed to be the aggrieved party in this case. On the other hand, there is a clear risk of unfair prejudice to defendant if this court were to rush this case to trial without taking the time to adequately consider potentially crucial expert opinions from the PTO. In the court's view, the stakes in this litigation are sufficiently high that it is more important to decide the patent issues correctly than to decide them quickly, and it therefore concludes that a stay is in order.

In light of the foregoing, it is ordered that this case is stayed pending completion of the reissuance and reexamination proceedings before the PTO.[3]

This, the 30th day of January, 2019.

/s/ Michael P. Mills
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

---

[3] The parties may, however, proceed with the previously-scheduled settlement conference in this case, if they wish to do so.